# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**FRANKLIN CORNETTE,**

      **Plaintiff,**

*vs.*                                          **CIVIL ACTION NO. 1:06CV135**

**ALLIED INTERSTATE, INC.,**
**a Minnesota Corporation,**

      **Defendant.**

## ORDER

On the 21st day of September, 2007, Plaintiff filed his Motion to Modify Scheduling Order [Docket Entry 35]. Defendant filed its Response, stating that it had no objection to the continuance, on September 27, 2007 [Docket Entry 37]. On September 27, 2007, the parties, including Plaintiff, *pro se*, and Defendants, through counsel Kara Cunningham, appeared before the Court via telephone for hearing on Plaintiff's Motion.

As grounds for the continuance, Plaintiff contends Defendant failed to file responses and produce documents in response to Plaintiff's Request for Production dated June 3, 2007. At the hearing, Defendant admitted it had not produced the documents requested by Plaintiff, but had been in contact with Plaintiff and discussing the outstanding discovery.

Notwithstanding the fact that no motion to compel has been filed by Plaintiff, the Court expressed frustration at the slow pace of discovery in this civil action and with a request for a 90 day continuance of discovery which could have the effect of causing the scheduled final pre-trial conference and jury trial to be again continued. The Court also expressed its concern that issues in this case were not complex and that the parties have had ample time to diligently pursue discovery during the period since the case was removed to this Court in 2006 through two prior scheduling

orders.

However, recognizing that: 1) some discovery (mainly limited depositions) remained to be completed in order to not disadvantage the pro se Plaintiff in the prosecution of his claims; 2) mediation as previously ordered needed to be conducted using a private mediator; and 3) dispositive motions may be filed by one party or the other, the Court reluctantly grants Plaintiff's Motion In Part and makes the following limited modifications to the scheduling order of June 1, 2007 [Docket Entry 25].

Accordingly and as stated on the record of the September 27, 2007, hearing, the Court **ORDERS**:

1. Defendant shall serve it Responses to Plaintiff's Request for Production of Documents on or before October 5, 2007. The Court finds, pursuant to Rule 34, that Defendant has waived any objections it has to production of the documents.

2. Plaintiff shall file his objections, if any, to Defendant's responses on or before October 18, 2007.

3. Defendant shall file its response to Plaintiff's objections, if any, on or before October 29, 2007.

4. Discovery is extended to, and shall be completed[1] by November 13, 2007.

---

[1]"Completed" as used in this order means: "'Completed discovery' as used in Fed. R. Civ. P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term ' all discovery' in the preceding definition of 'completed discovery' includes the disclosures required by Fed. R. Civ. P. 26(a)(1), (2) and (5), but does not included the disclosures required by Fed. R. Civ. P. 26(a)(3)." [See Scheduling Order of this Court in this civil action bearing Docket Entry 25 and entered on June 1, 2007 for a complete definition of "completed discovery" as used in this order.

5. Dispositive motions, if any, shall be filed on or before November 15, 2007.

6. Responses to dispositive motions shall be filed on or before November 28, 2007.

7. Replies to dispositive motions shall be filed on or before December 5, 2007.

8. Court-ordered mediation shall be completed on or before November 14, 2007.

9. The Court does not, at this time, continue any other dates in the Court's Scheduling Order dated June 1, 2007 [Docket Entry 25].

For docketing purposes, Plaintiff's Motion to Modify Scheduling Order [Docket Entry 32] is **GRANTED in part and DENIED in part**.

The Clerk of Court is directed to provide copies of this Order to *pro se* Plaintiff and Defendant's counsel.

DATED: September 28, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE